IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAN JUAN CITIZENS ALLIANCE,<br>P.O. Box 2461, 1309 E. 3rd Ave., Suite 5<br>Durango, CO 81302<br>Eugene, Oregon 97401<br><br>    Plaintiff,<br><br>  vs.<br><br>UNITED STATES DEPARTMENT OF ENERGY,<br>1000 Independence Ave. SW<br>Washington DC 20024<br><br>    Defendant. | Case No. 25-1282<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

## INTRODUCTION

1. Defendant Department of Energy ("DOE"), Office of Clean Energy Demonstrations, has wrongfully withheld documents responsive to requests made by Plaintiff San Juan Citizens Alliance ("SJCA") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*

2. SJCA filed a request seeking all communications between DOE, Harry Tipton of Navajo Transitional Energy Company, L.L.C. ("NTEC"), and Cindy Crane of Enchant Energy L.L.C. ("Enchant"), regarding NTEC's Four Corners Power Plant Integrated Carbon Capture and Storage Project ("the Project"). The requested records are sought to ensure that SJCA, its members, and the broader public are fully informed about the potential impacts the proposed carbon capture and storage project at the Four Corners Power Plant—a coal plant that would otherwise retire in 2031—would have on the climate and well-being of affected communities.

3. Contrary to FOIA, DOE failed to make a determination on SJCA's FOIA request within the time limits required by statute and failed to produce any of the records sought. SJCA requests an order declaring that DOE has violated FOIA, directing DOE to make a determination on SJCA's FOIA requests, compelling DOE to immediately provide SJCA with the documents it has requested by a date certain, awarding SJCA reasonable attorney fees and costs, and granting other relief as the Court may deem just, equitable, and appropriate.

## JURISDICTION, VENUE, AND BASIS FOR RELIEF

4. This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform their duty).

5. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B). Venue is also appropriate under 28 U.S.C. § 1391 because DOE is an agency of the United States with its primary office in Washington, D.C., and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

6. This Court has authority to grant declaratory relief pursuant to the Declaratory Judgement Act, 28 U.S.C. § 2201. This Court has authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

7. This Court has authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

## PARTIES

8. Plaintiff SAN JUAN CITIZENS ALLIANCE ("SJCA") is a non-profit organization that advocates for clean air, pure water, and healthy lands and wildlife—the foundations of resilient communities, ecosystems, and economics in the San Juan Basin. SJCA is located in Durango, Colorado. SJCA has nearly four decades of experience advocating with and for the residents of the San Juan Basin and Four Corners region. SJCA leverages scientific and technical expertise to protect this uniquely beautiful and precious region. SJCA is a member-based organization with over 1000 dues-paying members. SJCA advocates for a just transition away from fossil fuels in the Four Corners to safeguard the environment and community health. The records sought in this action are requested in support of these efforts.

9. SJCA furthers its goals in part by acquiring, compiling, and analyzing information about potential energy projects and, subsequently, disseminating that information to its members. SJCA's successful efforts at educating its members and the general public about proposed federally funded projects that affect the environment, communities, and climate contribute to the public's understanding of governmental operations and activities. SJCA's use of information acquired through FOIA enables it to participate in federal decision-making processes and generally ensure that federal agencies comply with federal laws.

10. Here, SJCA requested communications between three parties involved with the Project.

11. Specifically, SJCA requested all emails, texts, and application materials exchanged between DOE's Office of Clean Energy Demonstrations ("OCED") and Harry Tipton (NTEC) and Cindy Crane (Enchant) regarding the Project.

12. SJCA, its members, and its partners are, and will continue to be, directly injured by DOE's failure to comply with the statutory requirements of FOIA. A favorable outcome of this litigation will redress that injury. The Western Environmental Law Center ("WELC") brings this action on behalf of SJCA and its members.

13. Defendant U.S. DEPARTMENT OF ENERGY ("DOE") is an agency as defined by 5 U.S.C. § 552(f)(1). FOIA charges DOE with the duty to provide public access to records in its possession. DOE has possession of the records sought by SJCA. DOE is constructively denying SJCA access to its records in contravention of federal law.

### STATEMENT OF FACTS

14. FOIA requires federal agencies to "determine within 20 days . . . after the receipt of any [FOIA] request whether to comply with such request and . . . immediately notify the person making such request of . . . such determination and the reasons therefor. " 5 U.S.C. § 552(a)(6)(A)(i).

15. On November 3, 2023, SJCA submitted a FOIA request to DOE regarding all communications between the above-mentioned parties about the Project. The request was submitted via the DOE e-FOIA portal.

16. On November 3, 2023, DOE sent SJCA an acknowledgment of its FOIA request and confirmation that its request was being processed. DOE assigned the request the control number of "HQ-2024-00318-F."

17. DOE did not assert in these communications that any "unusual circumstances" were present that would merit a 10-workday extension. DOE did not request that SJCA limit the scope of its FOIA request or agree to an alternative time period for processing the

requests. DOE did not provide dates certain upon which it expected the request to be processed.

18. DOE did assert that it would send a follow up letter informing SJCA if DOE needed additional information to process the request or to alert SJCA where the request was assigned to conduct a search for responsive documents.

19. SJCA received no further communications from DOE relating to its FOIA request for nearly six months.

20. On April 23, 2024, SJCA emailed DOE to request a FOIA status update.

21. On July 12, 2024, a DOE FOIA Officer finally responded to SJCA's status update request. This response was 171 business days after SJCA's original FOIA request. The DOE FOIA Officer first noted that they had failed to reply to SJCA's April 23, 2024, email. The DOE FOIA Officer then asserted that they were processing the request, which required "multi-level review" by "several other parties." DOE noted that it would keep SJCA apprised of the FOIA request progress as it moved through review, but did not provide dates certain upon which it expected the requests to be processed.

22. As of February 3, 2025—307 business days after the original request—SJCA had received no further communications from DOE.

23. On February 3, 2025, WELC sent an email on behalf of SJCA to the DOE FOIA Officer notifying them of the agency's failure to meet the 20-day deadline with respect to the FOIA request. WELC requested that SJCA receive a response from DOE by March 1, 2025.

24. To date, DOE has not made determinations on SJCA's FOIA requests or disclosed any records responsive to its requests.

25. More than 364 business days have now passed since SJCA submitted its November 3, 2023, FOIA requests to DOE.

26. SJCA has fully exhausted administrative remedies for its November 3, 2023, FOIA request to DOE. Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA as provided in 5 U.S.C. § 552(a)(6)(C)(i).

## CAUSES OF ACTION

### COUNT 1
### VIOLATION OF FOIA: FAILURE TO MAKE A TIMELY DETERMINATION

27. SJCA incorporates the allegations made in all preceding paragraphs by this reference.

28. DOE's failure to make a determination on SJCA's November 3, 2023, FOIA request (HQ-2024-00318-F)) within the time required by FOIA violates SJCA's rights under 5 U.S.C. § 552(a)(6)(A)(i).

29. SJCA is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for DOE's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

### COUNT II
### VIOLATION OF FOIA: FAILURE TO MAKE RECORDS PROMPTLY AVAILABLE

30. SJCA incorporates the allegations made in all preceding paragraphs by this reference.

31. DOE's failure to make records "promptly available," as required by 5 U.S.C. § 552(a)(6)(C), within a few days or weeks—not months or years—violates SJCA's

rights. *See Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180 (D.C. Cir. 2013).

32. SJCA is entitled to reasonable costs of litigation, including attorney fees, for DOE's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

## COUNT III
## VIOLATION OF FOIA:
## FAILURE TO COMMUNICATE ESTIMATED DATE OF COMPLETION

33. SJCA incorporates the allegations made in all preceding paragraphs by this reference.

34. DOE's failure to provide "an estimated date on which the agency will complete action on the request[s]," as required by 5 U.S.C. § 552(a)(7)(B), violates SJCA's rights.

35. SJCA is entitled to reasonable costs of litigation, including attorney fees, for DOE's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, SJCA respectfully requests that this Court:

A. Declare that DOE has violated FOIA by wrongfully withholding the records that SJCA requested;

B. Order DOE to make a determination on SJCA's FOIA requests and provide SJCA with all wrongfully withheld records;

C. Maintain jurisdiction over this action until DOE complies with FOIA and every order of this court;

D. Award SJCA its costs and reasonable attorney fees in prosecuting this action pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412, or any other applicable law; and

E. Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted on the 25th day of April, 2025.

*/s/ Morgan O'Grady*

Morgan O'Grady (D.D.C. Bar # NM013)
Western Environmental Law Center
409 East Palace Ave., Suite 2
Santa Fe, New Mexico 87501
Ph: (575) 224-6260
ogrady@westernlaw.org

*/s/ Kyle J. Tisdel*

Kyle J. Tisdel (D.D.C. Bar # NM006)
Western Environmental Law Center
208 Paseo del Pueblo Sur, Suite 602
Taos, New Mexico 87571
Ph: 575.613.8050
tisdel@westernlaw.org

*Attorneys for Plaintiff San Juan Citizens Alliance*